UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.                                                        )<br>)<br>HAKIM J. SUTTON,                            )<br>)<br>Defendant.                         ) | Cr. No. 14-032 (RJL) |

**UNOPPOSED MOTION TO COMPEL DISCLOSURE OF RECOMMENDATION**

Mr. Hakim Sutton, through undersigned counsel, respectfully moves this Honorable Court to compel the United States Probation Office to provide the parties with a copy of the sentencing recommendation submitted to the Court by the Probation Office. In support of this motion, counsel submits the following.

**Factual Background**

On October 23, 2014, Mr. Sutton pled guilty to Count 6, Tax Evasion, in violation of 26 U.S.C. § 7201, and Count 13, Knowingly Filing False and Misleading Campaign Finance Report, in violation of 1 D.C.C. § 1102.06 and 1107.01 (subsequently amended in 1 D.C.C. § 1163.09 and 1163.35) of the Indictment pursuant to a written plea agreement. He will appear before the Court for sentencing on February 4, 2015.

At the request of the Court, the Probation Office has prepared a PreSentence Investigation Report and provided a copy of this report to the parties. The Probation Office will also submit a sentencing recommendation to the Court, but will not provide a copy of this recommendation to the parties. Undersigned counsel contacted the Probation Office and requested a copy of the recommendation, but the Probation Office denied the request and will not disclose the recommendation absent an order from the Court.

Undersigned counsel has spoken with government counsel, Assistant United States Attorney, David Last, who represented that the government does not oppose this request however, the government takes no position on the legal argument submitted.

### **Argument**

Federal Rule of Criminal Procedure 32(e)(3) provides that "[b]y local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." The Rule does not prohibit disclosure of the recommendation. Although some districts have a local rule with such a blanket prohibition, this district does not. Nonetheless, the Probation Office in this district has a policy of refusing to disclose the recommendation, absent a court order. One judge in this district (the Honorable Beryl A. Howell) requires the Probation Office to disclose the recommendation in all cases to the parties, and several districts have local rules requiring disclosure. *See, e.g.*, E.D. Cal., L.R. 460(c) ("A copy of the probation officer's proposed presentence report, including the probation officer's recommendations, shall be made available to the United States Attorney's Office and to defense counsel not less than thirty-five (35) days before the date set for sentencing hearing."); S.D. Ohio Crim. R. 32.1(f) ("[U]nless otherwise ordered in an individual case, the Probation Officer's recommendation, if any, on the appropriate sentence shall be disclosed in all copies of the initial and final presentence report including those furnished to counsel.").

Rule 32, "which governs sentencing and judgment, 'contemplates full adversary testing of the issues relevant to a Guidelines sentence . . . .'" *United States v. Christman*, 509 F.3d 299, 304 (6th Cir. 2007). The Rule requires that the Court permit "the parties' attorneys to comment on the probation officer's determination and on other matters relating to the appropriate sentence."

Fed.R.Crim.P. 32(i)(1)(C); *see also Irizarry v. United States*, 553 U.S. 708, 715 (2008) ("Sound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the [sentencing] hearing and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues."). When a sentence is based on information not disclosed to the defendant, a resentencing is required. *See, e.g., United States v. Christman*, 509 F.3d 299, 310 (6th Cir. 2007) (remanding for resentencing where district court considered undisclosed subjective impressions and opinion of probation officer regarding defendant).

Rule 32 permits consideration of an undisclosed recommendation by the Probation Office, and some courts have held that the failure to disclose the recommendation does not violate due process where the basis for the recommendation was disclosed. *See, e.g., United States v. Peterson*, 711 F.3d 770, 778-79 (7th Cir. 2013) ("[I]f all facts on which the probation officer's recommendation is based appear in the PSR, the district court's consideration of the recommendation at sentencing does not violate due process."); *United States v. Baldrich*, 471 F.3d 1110, 1113 (9th Cir. 2006) (same); *see also, United States v. Pendleton*, 532 Fed. Appx. 529 (5th Cir. 2013) (failure to require disclosure not violation of due process where recommendation was inadvertently disclosed and defendant able to challenge recommendation). However, permitting the submission of recommendations without disclosure to the parties risks the Court considering undisclosed or unreliable information, arguments or insinuations. *Cf. Christman*, 509 F.3d at 310 (Rule 32 designed to prevent consideration of information of questionable accuracy and reliability such as unsubstantiated insinuations of probation officer). When addressing the need for full disclosure of presentence reports prior to the Sentencing Reform Act,

3

the Honorable Skelly Wright noted:

> probation officers -- like the rest of us -- are fallible. Benevolent intentions and theoretical role definitions do not insure against factual inaccuracy in the presentence report. Nor do they eliminate the risk of occasional prejudice or narrow vision on the part of the probation officer or his informants. The only effective safeguard against the use of inaccurate, prejudicial or incomplete information as a basis for sentence is to allow the defendant himself to review the report and bring any shortcomings to the judge's attention.

*United States v. Dockery*, 447 F.2d 1178, 1193 (D.C. Cir. 1971) (Wright, J. dissenting)

The same argument applies to recommendations submitted to the Court, but not the parties. Without the parties' ability to counter the position of the Probation Office, the Court may base its sentencing decision on unreliable information or inferences that are unreasonable in light of information known to the parties but not contained in the presentence report. The "only effective safeguard" is to allow the parties to review the recommendation. Moreover, "[t]o the extent confidential sentencing recommendations create the appearance of hidden information or a secret tilt in the government's favor, . . . our federal sentencing procedures might be better served by allowing the parties to evaluate any analysis that might form the basis of a judicial determination." *Peterson*, 711 F.3d at 778-79. As the Seventh Circuit noted, disclosing the recommendation to the parties "could allow the defense an opportunity to see and comment on the recommendation and independently confirm that all facts forming the basis for the recommendation are contained elsewhere in the report." *Id*.

The United States Probation Office previously has argued that its recommendations must be kept confidential in order to allow the Probation Office to provide a forthright assessment without interfering with their ability to later supervise the defendant. *See, e.g., United States v.*

*Whitlock*, 639 F.3d 935, 941(9th Cir. 2011).  However, no such concern exists in this district because the branch of the Probation Office that produces Presentence Investigation Reports and makes sentencing recommendations to the court is not staffed by the same probation officers who supervise defendants in the community.  At least in this district, defendants do not equate the report writers with supervising officers.  Thus, there is no need to maintain confidentiality to ensure "forthright" assessments.  *See Peterson,* 711 F.3d at 779 ("[If] no such concerns exist because of the structure of the probation office or because of the nature of the case, the district court could direct that the parties receive all portions of the PSR, including the probation officer's sentencing recommendation.").

In addition, as noted above, Judge Howell orders the recommendation disclosed in every case.  Counsel is not aware of any problems this has caused in cases before Judge Howell.  It does, however, create the perception that defendants sentenced before Judge Howell receive a more transparent process than defendants sentenced without disclosure of the recommendation, creating an unwarranted disparity in sentencing procedure.  In addition, other judges from this district have also been ordering disclosure of the recommendation after an unopposed request has been made.  The following judges have authorized disclosure since these requests have been filed by attorneys with the Federal Public Defender's Office - Judge James E. Boasberg, Judge Amy B. Jackson, Judge Ketanji B. Jackson, Judge Reggie B. Walton, and Judge Collen Kollar-Kotelly.

## Conclusion

For the foregoing reasons, Mr. Sutton respectfully moves this Honorable Court to disclose to the parties the sentencing recommendation made by the Probation Office.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500